UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
NEIL SOOROOJBALLIE,

                Plaintiff,

-vs-                                                  15 Civ. 1230 (WFK)

THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY and GARY
FRATTALI, Individually,

                Defendants.
---------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REASONABLE
ATTORNEYS' FEES AND COSTS**

PHILLIPS & ASSOCIATES
45 Broadway, Suite 620
New York, N.Y. 10006
(212) 248-7431

BERGSTEIN & ULLRICH, LLP
5 Paradies Lane
New Paltz, N.Y. 12561
(845) 469-1277
Counsel for Plaintiff

**Introduction**

Plaintiff Neil Sooroojballie submits this memorandum in support of his motion for attorneys' fees and costs arising from the successful litigation of his employment discrimination claims. As demonstrated below, Plaintiff is entitled to $177,882.70 in attorneys' fees and costs.

**Point I**

**As prevailing party, Plaintiff is entitled to full attorneys' fees and costs**

Federal law (Title VII (42 U.S.C. § 2000e-5(k)) provides as follows:

> In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party, other than the [EEOC] or the United States, a reasonable attorney's fee (including expert fees) as part of the costs.

42 U.S.C. § 2000e-5(k); *see also Quaratino v. Tiffany & Co.,* 166 F.3d 422, 428 (2d Cir. 1999) ("The public interest in private civil rights enforcement is not limited to those cases that push the legal envelope; it is perhaps most meaningfully served by the day-to-day private enforcement of these rights, which secures compliance and deters future violations. Congress meant reasonable attorneys' fees to be available to the private attorneys general who enforce the law, *see generally* S.Rep. No. 94–1011, not only to those whose cases make new law.").

While the statutes state that courts may award fees to prevailing parties "in [their] discretion," the Second Circuit has explained that "the effect of this language has been interpreted to create a strong preference in favor of the prevailing party's right to fee shifting." *Wilder v. Bernstein*, 965 F.2d 1196, 1201 (2d Cir. 1992).

The New York Court of Appeals confirms:

> Congress set forth precisely what it intended, to wit: It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by the statutes covered by the Fees Act,

1

> if successful, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.

*Matter of Johnson v. Blum*, 58 N.Y.2d 454, 459 (1983); *see also Orchano v. Advanced Recovery,* 107 F.3d 94, 97 (2d Cir. 1997) (fee-shifting is authorized "to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel").

## Point II

### Counsel expended a reasonable amount of time in litigating this case

The Supreme Court has instructed that "the determination of fees 'should not result in a second major litigation.'" *Fox v. Vice,* 563 U.S. 826, 838 (2011). Instead, the Court instructs:

> The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Restivo v. Hessemann,* 846 F.3d 547, 589 (2d Cir. 2017).

The submissions in support of this motion show contemporaneously maintained billing records. These records detail the work performed and allow this Court to determine if counsel expended a reasonable amount of time on this case. *See Restivo,* 846 F.3d at 591; *Hernandez v. Kaisman,* 139 A.D.3d 406, 407 (1st Dept. 2016).

The records show which attorney handled particular tasks, including case intake and investigation, motion practice, communications with the Plaintiff and opposing counsel, trial preparation and trial, and post-trial motions.

The tasks are compartmentalized in that attorneys Marjorie Mesidor and a team of five attorneys handled this case in discovery, with Mesidor and Nicole Ann Welch handling the bulk

of discovery and Mesidor and Brittany A. Stevens largely completing discovery after Welch left Phillips & Associates. Mesidor and Stevens tried the case. Paralegals billed 67.72 hours, largely through the work of Kevin Guaranda. Stephen Bergstein largely worked on the post-trial motions, including the attorneys' fees application and Defendants' Rule 50/59 motion. The time sheets show minimal duplication of the work expended in this case, including during trial.

Plaintiff notes further that (1) time expended in litigating this attorneys' fees motion is compensable, *Hines v. City of Albany,* 862 F.3d 215, 223 (2d Cir. 2017); and (2) travel time for counsel is billed at half the time actually expended, per Second Circuit instruction, *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 302 (E.D.N.Y. 2012), unless the time records demonstrate the attorney was performing work during travel. In addition, "Multiple attorneys may be essential for planning strategy, eliciting testimony or evaluating facts or law." *Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp.*, 599 F. Supp. 509, 518 (S.D.N.Y. 1984).

While this Court on the summary judgment motion dismissed certain claims, that does not warrant an overall reduction in the attorneys' fees award. "[I]n awarding attorneys' fees, 'the most critical factor is the degree of success obtained.'" *Patterson v. Balsamico*, 440 F.3d 104, 123 (2d Cir. 2006). "The District Court may, in its discretion, 'attempt to identify specific hours that should be eliminated, or it may simply reduce the [requested] award to account for the limited success.'" *Abrahamson v. Bd. of Educ.*, 374 F.3d 66, 79 (2d Cir. 2004). "Work on ultimately unsuccessful claims is compensable as long as those claims are not 'wholly unrelated' to the claims plaintiff succeeded on at trial." *Tatum v. City of N.Y.*, No. 06-cv-4290 (PGG)(GWG), 2010 U.S. Dist. LEXIS 7748, at *10 (S.D.N.Y. Jan. 28, 2010). As the Supreme Court has stated,

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced

3

> simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). *See also id.* ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation").

The failure to promote and train claims were dismissed, but this Court held the evidence relating to these claims constituted relevant background evidence for the viable claims. (Summary judgment order, at 6). While the constructive discharge and retaliation claims were also dismissed (*id*. at 10-12), those claims were inextricably intertwined with the hostile work environment claims, as evidence regarding those claims would largely have been developed in connection with the viable claims.

## Point III

### The Lodestar Calculation

A reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. The appropriate means to derive the fee award is through application of the lodestar method, multiplying the number of hours the court finds reasonable by hourly rates the Court finds reasonable. "The lodestar method yields a fee that is perceptively sufficient to achieve [the fee shifting] objective." *Restivo,* 846 F.3d at 589.

"In calculating the lodestar amount, the rates used generally 'are the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."' *Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir. 1998). "Courts 'shou1d generally

4

use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee.'" *Simmons v. NY. City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009). "The district court must also 'bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.' Those factors include the attorney's experience and expertise and the overall success achieved in the case." *Smart v. City of N.Y.,* No. 15-CV-1405 (RRM)(PK), 2017 U.S. Dist. LEXIS 24602, at *5 (E.D.N.Y. Feb. 17, 2017) (*citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany,* 522 F.3d 182, 190 (2d Cir. 2008)).

This Court should apply rates applicable to the Eastern District of New York. *Simmons v. N.Y. City Transit Auth.,* 575 F.3d 170, 176 (2d Cir. 2009). Courts should rely on both evidence submitted by the parties as to the rates they typically charge, as well as the Court's own knowledge of comparable rates charged by lawyers in the district. Moreover, "current rates, rather than historical rates, should be applied in order to compensate for the delay in payment[.]" *LeBlanc-Sternberg v. Fletcher,* 143 F.3d 748, 764 (2d Cir. 1998).

"In recent years, [attorneys'] fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners and $100 to $325 for associates in civil rights cases." *Thomas v. City of New York*, 14-cv-7513 (ENV) (VMS), 2017 WL 6033532, at *4 (E.D.N.Y. Dec. 1, 2017). *See also id.* at *5 ("Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $200-$325 for senior associates, and $100-$200 for junior associates").

Attorneys Mesidor and Bergstein are seeking $450.00 per hour for their work on this case. Mesidor supervised discovery and was lead counsel at trial. She has been practicing law since 2004 and, as demonstrated in her declaration, Mesidor – a partner at Phillips & Associates – is a

5

highly-experienced civil rights attorney. As further detailed in his affirmation, Bergstein graduated from law school in 1993 and has primarily handled civil rights cases in federal court for 25 years. *Compare Thomas*, 2017 WL 6033532, at \*\*3, 5 (awarding hourly rate of $450.00 for attorney admitted in 1996); *D'Annunzio v. Ayken, Inc*., 11-CV-3303 (WFK) (WDW), 2015 WL 5308094, at \*4 (E.D.N.Y. Sept. 10, 2015) (awarding hourly rate of $450.00 for attorney with 24 years' experience); *Gray v. Toyota Motor Sales, U.S.A., Inc.,* No. 10–CV–3081 (JS)(ETB), 2013 WL 3766530, at \*5 (E.D.N.Y. July 16, 2013) (applying an hourly rate of $450.00 for an attorney with fifteen years of experience); *Libaire v. Kaplan,* No. 06–CV–1500 (DRH) (ETB), 2011 WL 7114006, at \*4 (E.D.N.Y. June 17, 2011) (applying an hourly rate of $475.00 for an attorney with thirty years of experience and $450.00 for an attorney with eighteen years of experience), *report & recommendation adopted as modified,* 2012 WL 273080 (E.D.N.Y. Jan.30, 2012).

Paralegal rates in the Eastern District of New York range from $75.00 to $100.00 per hour. *Thomas,* 2017 WL 6033532, at \*6. The credentials and experience of the paralegals who worked on this case are set forth in the Mesidor Declaration. Plaintiffs seeks an hourly rate of $100.00 for the paralegals.

**Point IV**

**Disbursements**

Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. *LeBlanc-Sternberg*, 143 F.3d at 762 (citation omitted). Chargeable expenses include those disbursements that counsel normally bills its clients,

6

including computerized research fees and PACER charges. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 97-98 (2d Cir. 2004).

In addition, travel related expenses are chargeable. *Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274, 287 (E.D.N.Y. 2008).

Exhibit 3 to the Mesidor Declaration consists of the disbursements from Phillips & Associates. These expenses amount to $8,301.95.

**Conclusion**

As shown above, Plaintiff is entitled to an award of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees: | $169,580.75 |
| Costs: | $8,301.95 |
| Total: | $177,882.70 |

Dated: January 4, 2018

/s/
Stephen Bergstein
Bergstein & Ullrich, LLP
5 Paradies Lane
New Paltz, New York 12561
(845) 468-1277
steve@tbulaw.com

Marjorie Mesidor
Phillips & Associates
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431 ext. 204
mmesidor@tpglaws.com
Attorneys for Plaintiff

8