UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEIL SOOROOJBALLIE,

                        Plaintiff,

        -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and GARY FRATTALI,

                        Defendants.

No. 15-CV-1230 (WFK) (PK)

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES FOR THE APPEAL**

Kathleen Gill Miller, Esq.
Attorney for Defendants,
The Port Authority of New York and
New Jersey and Gary Frattali
4 World
 Trade Center, 24th Floor New York,
New York 10007
(646) 784-5271

# TABLE OF CONTENTS

Preliminary Statement......................................................................................................1

Statement of Facts............................................................................................................1

POINT I ............................................................................................................................3

The Attorneys' Fees Sought by The Plaintiff For The Appeal Are Excessive And Should be Reduced

POINT II ........................................................................................................................11

Plaintiff's Fee Application Should Be Reduced To The Extent His Arguments Were Unsuccessful On Appeal

Conclusion .................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,*
522 F. 3d 182 (2d Cir 2008) .................................................................................................4,5,11

*Blanchard v. Bergeron,*
489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989) ...................................................4

*Bliven v. Hunt,*
579 F. 3d 204 (2d Cir 2009) ...........................................................................................3

*Blum v. Stenson,*
465 U.S. 895, 104 S. Ct. 1541, 79 L. Ed 2d 891 (1984) ...............................................4

*Cesario v. BNI Constr., Inc.,*
07 civ 8545 (LLS) (GWG), 2008 WL 5210209 (S.D.N.Y. December 15, 2008) ......................3,4

*Christiansburg Garment Co. v. The Equal Opportunity Commission,*
434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978) ..................................................3

*Cush-Crawford v. Adchem Corp.,*
234 F. Supp. 2d 207 (E.D.N.Y. 2002) ..........................................................................11

*Demarco v. Ben Krupinski Gen Contractor, Inc.,*
12 civ 0573 (SJF) (ARL),2014 WL 396020 (E.D.N.Y. July 22, 2014) ........................7

*Dixon v. Agbai* 15 civ 850,
 15 civ 850 (AT) (AJP), 2016 WL 3702749 (S.D.N.Y. July 8, 2016) .......................3,11

*ES v. Katonah-Lewisboro Sch. Dist.,*
796 F. Supp. 2d 421 (S.D.N.Y. 2011) ............................................................................7

*Farrar v. Hobby,*
506 U.S. 103, 113 S. Ct. 566, 121 L. Ed 2d 494 (1992) .............................................11

*General Elec. Co., v. Compagnie Euralair, S.A.,*
96 Civ 0884(SAS), 1997 WL 397627 (S.D.N.Y. July 3, 1997) .....................................3

*Healy v. Leavitt,*
485 F. 3d 63 (2d Cir 2007) .............................................................................................3

*Hensley v. Eckerhart,*
461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ................................................3

*Herrara v. 12 Water St. Gourmet Café,*
13 civ 4370 (JMF) (RLE), 2016 WL 1274944 (S.D.N.Y. Feb. 29, 2016) ...................12

*Houston v, Cotter*,
234 F. Supp. 3d 392 (E.D.N.Y. 2017) ........................................................4

*Hugee v. Kimso Apartments LLC*,
852 F. Supp 2d 281 (E.D.N.Y. 2012) ........................................................3

 *Louis Vuitton Malletier S.A. v. Ly USA Inc.*,
676 F. 3d 83 (2d Cir 2012) ........................................................................4

*Johnson v, Georgia Highway Express, Inc.*,
488 F. 2d 714 (5th Cir 1974) ....................................................................5

*Luciano v. Olsten Corp.*,
109 F. 3d 111 (2d Cir. 1997) .....................................................................6

*Millea v. Metro North R. Co.*,
658 F. 3d 154 at 167 (2d Cir 2011) ..........................................................4

*Pino v. Locasio*,
101 F. 3d 154 (2d Cir 2011) ....................................................................11

*Reed v. A.W. Lawrence & Co.*,
95 F. 3d 1170 (2d Cir 1985) .....................................................................3

*Sass v. MTA Bus Co*,
6 F. Supp. 3d 238 (E.D.N.Y.2014) ...........................................................4

*Simmons v. New York City Transit Authority*,
575 F. 3d. 170 (2d Cir. 2009) ...................................................................5

### Statutes

42 USC § 2000e et seq. ..............................................................................1

42 USC § 1981 ...........................................................................................1

Section 706 (k) of Title VII of the Civil Rights Act of 1964...................3

## PRELIMINARY STATEMENT

Defendants, The Port Authority of New York and New Jersey (the Port Authority) and Gary Frattali submit this memorandum of law in opposition to plaintiff's application for $84,210.00 in attorneys' fees for work solely on the appeal.  Plaintiff's counsel submitted one 60- page brief, which included issues that were previously briefed on the motion for summary judgment and argued for 12 minutes before the Second Circuit which issued a summary order and decision.  The proposed attorney's fees include duplicative and unnecessary work at the highest possible rates allowed in this district.  Moreover, plaintiff was unsuccessful in defending the compensatory damage award, which was reduced from $2,160,000 to $250,000 on remittitur, the *Monell* claim against the Port Authority, and the attorney fee award for work done in the district court which was remanded by the Circuit for review and findings. The proposed attorney fees are excessive and unjustified and should be substantially reduced.

## STATEMENT OF FACTS

The underlying lawsuit in this case is an action arising under Title VII, 42 USC § 2000e et seq. and 42 USC § 1981 alleging employment discrimination based on race/national origin. (Complaint, Docket No. 1).  The sole remaining issue for trial following a motion for summary judgment was a hostile work environment claim.  (Decision, Docket No.51).  The case went to trial on September 17, 2018, and at the conclusion of a 5-day trial the jury found for plaintiff on his Title VII and § 1981 claims awarding him $2,160,000 in compensatory damages against the Port Authority and Frattali jointly, and $150,000 against Frattali in punitive damages. Defendants appealed both the judgment and the award of attorney's fees by the district court. Following written briefs submitted by both sides, the Second Circuit had oral argument on November 6, 2019 allowing each side 12 minutes each to argue their case.  On June 5, 2020, the

Second Circuit issued a summary order affirming in part, reversing in part the judgment. The Circuit also vacated the attorney fee award and remanded the attorneys' fee motion for feesfor work  at the district court level to the district court for findings.  (Summary Order & Decision, Ex 5 to the affirmation of Stephen Bergstein Esq. dated July 1,2020). The summary order and decision sets forth the four issues raised on the appeal as follows : "(1) the district court should have dismissed the § 1981 claim against the Port Authority at summary judgment because Sooroojballie failed to offer evidence of municipal policy or custom as required by the statute; (2) the district court erred in allowing time-barred acts and allegedly retaliatory acts to be considered by the jury with respect to the hostile work claim, and the admissible evidence was insufficient to support the jury's verdict as a matter of law; (3) the district court erred in its instructions to the jury; (4) the awards for compensatory and punitive damages were excessive, and Frattali was improperly precluded from introducing evidence of his finances in connection with the punitive damages award; (5) the award for attorney's fees and costs was excessive."

Each of the parties submitted initial briefs of approximately 60 pages and the defendants submitted a reply brief of 28 pages.  Stephen Bergstein, Esq. of the firm of Bergstein and Ullrich LLP wrote the brief for plaintiff.   Marjorie Mesidor, Esq. of the firm of Phillips & Associates argued the appeal.  She had previously handled the case at the pretrial and trial stages.  The Second Circuit issued a summary order and decision on June 5, 2020, affirming the verdict on liability, but reducing the compensatory damage award from $2,160,000 to $250,000 on remittitur to the district court, which plaintiff accepted.  The Circuit dismissed the § 1981 claim against the Port Authority and vacated the award of attorneys' fees and remanded the issue to the district court.  The issue of attorneys' fees for the pre-trial and trial work was previously briefed and submitted.   The sole issue here is the attorneys' fees claimed on the appeal.

**POINT I**

**The Attorneys' Fees Sought By The Plaintiff For The Appeal Are Excessive
And Should Be Reduced**

Section 706 (k) of Title VII of the Civil Rights Act of 1964 authorizes the district court in its discretion to allow the prevailing party a reasonable attorneys' fee. See *Christiansburg Garment Co. v. The Equal Opportunity Commission* 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). Title VII's attorney fee provision is construed as all other prevailing party provisions dealing with federal civil rights under § 1983 and §1988 and cases dealing with those statutes are authoritative for Title VII. See *Reed v. A.W. Lawrence & Co.,* 95 F. 3d 1170 (2d Cir 1985).  The burden is on the fee applicant to establish the reasonableness of the fee. *Hensley v. Eckerhart* 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). See also *Hugee v. Kimso Apartments LLC*, 852 F. Supp 2d 281,298 (E.D.N.Y. 2012), *General Elec. Co., v. Compagnie Euralair, S.A.* 96 Civ 0884 (SAS), 1997 WL 397627 at *4 (S.D.N.Y. July 3, 1997). "The applicant should exercise 'billing judgment' with respect to hours worked [citation omitted], and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley* supra 461 U.S. at 437.  "In determining a fee award, the typical starting point is the so-called lodestar amount that is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Dixon v. Agbai* 15 civ 850 (AT) (AJP), 2016 WL 3702749 at *13 (S.D.N.Y. July 8, 2016) quoting *Healy v. Leavitt*  485 F. 3d 63, 71 (2d Cir 2007) "[T]he court takes into account hours that it views as 'excessive, redundant, or otherwise unnecessary. ' " *Bliven v. Hunt*, 579 F. 3d 204, 213 (2d Cir 2009) quoting *Hensley* supra 461 U.S. at 434.  "The critical inquiry is 'whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.' " *Cesario v. BNI Constr., Inc*., 07 civ 8545, 2008 WL

5210209 at *7 (S.D.N.Y. December 15, 2008). In *Louis Vuitton Malletier S.A. v. Ly USA Inc.*, 676 F. 3d 83 (2d Cir 2012), the Second Circuit cautioned:

> In assessing the reasonableness of the attorneys' fees, a court looks to
> the amount of time spent as reflected in the contemporaneous time records,
> and decides how much time is reasonably 'expended'.  If the district court
> finds that some of the time was not reasonably necessary to the outcome
> of the litigation, it should reduce the time for which compensation is awarded
> accordingly. Id. at 111

The Complexity of the case and  " whether it involved any significant legal issue may be used by the court in determining the reasonableness of the hours the case requires."  *Millea v. Metro North R. Co*. 658 F.  3d 154 at 167 (2d Cir 2011**).**

The reasonable hourly rate must be demonstrated by the applicant to be "in line with those prevailing in the community for similar services by lawyers of comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 895 n. 11, 104 S. Ct. 1541, 79 L. Ed 2d 891 (1984).  The "community" is presumed to be the district in which the case is litigated. See *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany* 522 F. 3d 182 (2d Cir 2008).  "Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100-$300 per hour for associates, $70 to $100 per hour for paralegals." *Houston v, Cotter*, 234 F. Supp. 3d 392 at 402 (E.D.N.Y. 2017), see also *Sass v. MTA Bus Co*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) (rates for senior associates $200-$325, and $100-$200 for junior associates).

In *Arbor Hill* , the Second Circuit also instructed the district courts in determining a reasonable rate to consider factors set forth in *Johnson v, Georgia Highway Express, Inc*. 488 F. 2d 714 (5th Cir 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). See 522 F. 3d at 190.  The twelve factors set

4

forth in *Johnson* are:" (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's hourly customary rate; (6) whether the fee was fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases." *Arbor Hill* , 522 F 3d at 186 n.3. Finally, the district court should consider "what a reasonable paying client would be willing to pay, given that such party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Authority*, 575 F. 3d. 170 at 174 (2d Cir 2009).

Here, as discussed below, the plaintiff's attorneys are seeking the top rates for two partners at different firms - one of whom wrote the brief while the other argued the appeal - for work that was a duplication of work done by the other attorney. Hours spent on unsuccessful arguments, which have not been deducted from the fee application, should be deducted. Excessive time spent in preparing relatively straightforward arguments should be reduced and the work of several associates who contributed little or nothing to the outcome should be excluded. Alternatively, the rate for the second partner performing essentially the same job should be reduced to $200.00 per hour. Paralegal rates and hours should be reduced to reflect the fact that an appeal written by a partner on the computer and filed electronically required little assistance from a paralegal. None of the issues was novel or complex and the issue of the § 1981 liability, and the time-barred acts as a basis for liability had been previously briefed on the motion for summary judgement. It should be noted that defendants had only one attorney on

both the brief and oral argument. This makes the staffing of this relatively simple appeal with two partners, three associates, and three paralegals seem greatly out of proportion to the needs of the case.  The court may properly reduce the number of hours claimed where there is overstaffing resulting in the unnecessary expenditure of time. See *Luciano v. Olsten Corp*. 109 F. 3d 111, 117 (2d Cir. 1997).

Stephen Bergstein Esq, who wrote the appellate brief, has submitted time records reflecting 87.50 hours of work billed at $450 an hour for a total of $39,375.0. This includes time spent on issues on which the plaintiff did not prevail on appeal.  The following are time entries by Mr. Bergstein on issues on which the plaintiff did not prevail and which should be excluded from the lodestar:

| | | |
|---|---|---|
| 4/17/19 - | Damages and damage cap | 6.20 |
| 4/18/19 - | Rue 50 issues JMOL appeal brief | 2.10 |
| 4/18/19 - | Attorneys' fee | .75 |

See Exhibit 2 to Bergstein Declaration)

The following entries concerning editing the brief are excessive on their face:

| | | |
|---|---|---|
| 4/19/19 - | Edit brief | 7.10 |
| 6/04/19 - | Review Mesidor edits | .75 |
| 6/05/19 - | Review Mesidor edits and make final edits to the brief | 1.20 |
| 6/06/19 - | Review Mesidor edits and edit brief down to 14,000 | 2.40 |
| 6/07/19 - | Final edits | 3.75 |
| 6/13/19- | Edit brief by hand and check factual citations | 5.10 |
| 6/13/19 - | Convert hand-written edits to computer, give appellate brief for filing | 3.00 |

| 6/14/19- | Prepare brief for filing, revise table of contents and authorities, upload to ECF | 2.10 |
|---|---|---|

Total   25.4

This represents 25 minutes per page of a 60-page brief for editing, a patently excessive amount of time for an attorney who is seeking top rate because of his experience in the field of civil rights appellate brief work.  Moreover, it includes administrative expenses such as uploading the brief for filing which is not a recoverable fee item.  See *Demarco v. Ben Krupinski Gen Contractor, Inc.*, 12 civ 0573 (SJF) (ARL), 2014 WL 396020 at*9 (E.D.N.Y. July 22, 2014).   A scrupulous and careful edit should not require more than 15 minutes per page or a total of 9 hours for editing.

In addition, although he did not orally argue the case, Mr. Bergstein has billed for preparation for the oral argument, as well time at the oral argument, and travel time to and from the oral argument.  The attorney handling the oral argument, was not only the lead trial attorney for plaintiff in this case, but was also the attorney who wrote the summary judgment motion. She therefore had a thorough knowledge of the legal issues in this case long before the appeal.  She too is billing at the top rate of $450 for her role in arguing the case before the Second Circuit. Mr. Bergstein's billing for assisting Ms. Mesidor was unnecessary and duplicative of her work. The three hours he billed on November 6 for traveling to the oral argument and sitting in the courtroom did not contribute to the outcome and should be disallowed in its entirely.

In addition, there is a duplication of work by Mr, Bergstein and Ms. Mesidor in connection with this fee application.  Mr. Bergstein has billed for reviewing Ms. Mesidor's time sheets and for preparing her declaration, which is substantially similar to the declaration she

7

submitted in connection with the fee application for pretrial and trial work.  These duplicative

and unnecessary expenditures of time   are as follows:

| | | |
|---|---|---|
| 6/4/20 - | Review Mesidor hours for fee application | .30 |
| 6/5/20- | Review Mesidor time sheets for motion and email MM same | .30 |
| 6/5/20- | Review and summarize spreadsheets for Phillips & Associates and prepare Mesidor's affidavit on attorney's fees | 2.30 |

These items should be excluded in their entirety.

Ms. Mesidor has submitted billing for a whopping 74.10 hours for a total of $33,345.00

for her role in reviewing a brief prepared by Mr. Bergstein and preparing for 12 minutes of oral

argument before the Second Circuit.  This is patently excessive, particularly for an attorney

familiar with the case as the trial attorney and familiar with the issues from her work on the

summary judgment motion for which she is seeking to recover in a separate attorney fee

application.  It should be noted that this application includes 4 hours spent in December 2018 on

the attorney fee application for the pretrial and trial work which should not be part of this

application.  (See Ex. 2 to the declaration of Marjorie Mesidor, Esq. dated June 12, 2020).  Her

billing records show entries 1/19- 6/19 for a total of 8.30 hours that is described only as

reviewing filings. Vague billing entries such are these do not sufficiently demonstrate what

counsel did to warrant recovery.  See *ES v. Katonah-Lewisboro Sch. Dist*. 796 F. Supp. 2d

421,431 (S.D.N.Y. 2011). There are five entries between 7/22/19 and 8/0519 for simply

calendaring dates for the oral argument which is an administrative task that is not recoverable on

a fee application.

Between 8/5/19 and 10/31/19, Ms. Mesidor has billed 11.6 hours in connection with a moot court to prepare for oral argument.  On 11/1 she billed another 7.30 hours for reviewing notes on her moot court.  On 11/2 she billed 3.60 hours for oral argument preparation. On 11/3 she billed 9.60 hours for oral argument preparation and 2.5 hours for travel on 11/5 in connection with the oral argument at the full hourly rate of $450 per hour.  Ms. Mesidor has billed 34.6 hours for preparation for an oral argument that was scheduled for only 12 minutes.  Ms. Mesidor also billed 2 hours for her time at court although this case was this first one on the morning calendar.   Clearly on a case where the issues were neither complex, nor novel and were familiar to counsel, 15 hours would have been sufficient time for a moot court and preparation for the actual argument.

The attorney fee application also seeks fees for three associates whose contribution to the outcome seems to be insignificant. Brittany Stevens is a 2104 law school graduate and despite a general statement as to her background there is not a single verdict or case listed to support her qualifications. Her billing includes research into unspecified matters.  She billed 3.80 hours to review a brief and "conduct" a cheat sheet, although the brief was prepared and reviewed by two senior partners.  On 10/28/19 she billed 3.00 hours for sitting in a moot court, but she fails to specify if she performed any function in that moot court.  She also billed .50 on 6/4/20 for "discussing" the case with Ms. Mesidor, although that was only one day before the decision issued and long after the case had been briefed and argued. For this work plaintiff's counsel is the top rate of $300 per hour.  Neither the rate nor the time has been justified in the billing records.

 Similarly, Katerina Housas, admitted in 2016 seeks compensation at the rate of $300 per hour although the description of her background is devoid of experience in the field of civil

9

rights.  She appears to be experienced in international transactions.  She is claiming 2.70 hours for reviewing the file on 9/23/19 although it is unclear as to what purpose she is doing this review since Mr. Bergstein is writing the appellate brief.  She billed 19 hours for "briefing" cases cited by Mr. Bergstein in his brief.  Since Mr. Bergstein also participated in the moot court and since he had cited the cases in his brief this would appear to be unnecessary and duplicative.  Ms. Housas also billed 3.00 hours to sit in the moot court on 10/28/19, although it is unclear what function, if any, she performed she does not specify.  She also billed 1.80 hours on 11/5/19 for review and research although, it is unclear what she was trying to accomplish since the argument was the next day and the moot court was over.  There is a duplicate entry of 2.70 in her billing for reviewing the file and an entry for 2.90 for "saving" and briefing cases.  The precise nature of this work is unclear is unclear, but appears to be an administrative function or one that should have been performed by a paralegal.  Finally, there is Irene Chan, a 2009 graduate who billed .50 at $250 an hour on the date of the oral argument for an administrative task.  The billing for the associates who seemed to have no real function here should be discounted in its entirety.

Lastly, Phillips & Associates assigned three different paralegals to work 3.90 hours although there was minimal need for assistance because the brief was written and prepared for e-filing by Mr. Bergstein.  Most of this time was billed by Avinash Nandlal and consists of reviewing emails from the Second Circuit scheduling the oral argument and filing them electronically for which she billed at $100 per hour.  While this task should only take seconds, she billed in increments of .10 and .20 which is clearly excessive.  The paralegal time should be substantially reduced, and the rate should be reduced to $70 reflect the simple nature of the tasks.

## POINT II

### Plaintiff's Fee Application Should Be Reduced To The Extent His Arguments Were Unsuccessful On Appeal

Traditionally, the courts have made and upward or downward adjustment to the lodestar based upon such factors as the degree of success of the litigation, the complexity of the litigation, and the degree of risk involved.  See *Cush-Crawford v. Adchem Corp*., 234 F. Supp. 2d 207, 213 (E.D.N.Y. 2002); *Dixon v. Agbai* 15 Civ 850 (AT) (AJP), 2016 WL  3702749 *13 (July 8, 2016). The most important fact in determining the reasonableness of the fee is the degree of success obtained. See *Pino v. Locasio*, 101 F. 3d 154,167 (2d Cir 2011), citing *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 573-574, 121 L. Ed 2d 494 (1992).

Here, while plaintiff successfully defended the jury verdict on liability, he suffered a significant loss in his effort to preserve the compensatory damage award, which was reduced on remittitur from $2,160,000 to $250,000.  Although plaintiff argues that the reversal of the *Monell* claim did not affect the outcome, the loss the § 1981 claim against the Port Authority would put into effect the $300,000 cap on compensatory damages under Title VII.  Since compensatory damages award were jointly against the Port Authority and Gary Frattali, the cap would have to be imposed or the damages retried. The dismissal of the § 1981 claim no doubt factored into plaintiff's decision to accept the remittitur rather than retry a damage claim where he was facing a $300,000 cap with respect to the institutional employer-defendant.

Plaintiff was also unsuccessful on defendants' challenge to the award of attorneys' fees, because as the Circuit noted the court had approved plaintiff's application in total without findings, or considering the opposition submitted by defendants.  The lack of success on two major issues warrants a percentage reduction of the lodestar figure. See *Arbor Hill*, *supra* at 186.

11

Further, the issues on appeal were neither novel nor complex, which is the reason the

Circuit issued a summary order.  In addition, issues such as the application of § 1981 to the Port

Authority, the sufficiency of the evidence and time barred act for the hostile work claim had

been briefed on the motion for summary judgement.  For these reasons the lodestar amount

should be reduced by at least ten percent, See e.g. *Herrara v. 12 Water St. Gourmet Café*, 13 civ

4370 (JMF) (RLE) dated June 12, 2020, 2016 WL 1274944 at *13 (S.D.N.Y Feb. 29, 2016)


## **CONCLUSION**

The attorneys' fee award sought by plaintiff should be substantially reduced by the

Court.


Dated:  August 31, 2020
          New York, New York


                                        Respectfully submitted,

                                        The Port Authority Law Department
                                        Attorney for Defendants, The Port
                                        Authority of New York and New
                                        Jersey and Gary Frattali


                                        /s/ Kathleen Gill Miller
                                        By:  Kathleen Gill Miller, Esq.
                                        4 World Trade Center, 24th Floor
                                        New York, New York 10007
                                        (646) 784-5271

TO:

PHILLIPS AND ASSOCIATES
Marjorie Mesidor, Esq.
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
*Attorneys for Plaintiff, Neil Sooroojballie*
VIA ECF

Bergstein & Ullrich, LLP
Stephen Bergstein Esq.
5 Paradies Lane
New Paltz, NY  12561
VIA ECF