```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
NEIL SOOROOJBALLIE,                                   :
                                                      :
                    Plaintiff,                        :
                                                      :
            v.                                        :   **ORDER**
                                                      :   15-CV-1230 (WFK) (PK)
PORT AUTHORITY OF NEW YORK                            :
AND NEW JERSEY and GARY                               :
FRATTALI,                                             :
                                                      :
                    Defendants.                       :
------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** On July 22, 2020, this Court referred Plaintiff's motion for appellate attorneys' fees (the "Appellate Fees Motion"), ECF No. 110, to the Honorable Magistrate Judge Peggy Kuo for a report and recommendation. ECF No. 113. On November 10, 2020, Magistrate Judge Kuo filed the Report & Recommendation ("R&R") recommending Plaintiff be awarded appellate attorneys' fees in the amount of $62,802.19.[1] On November 20, 2020, Plaintiff objected to the R&R. ECF No. 127, Pl.'s Objection to the R&R ("Pl.'s Obj."). For the reasons that follow, Plaintiff's objections are OVERRULED, and the R&R is ADOPTED in its entirety. Accordingly, Plaintiff's Appellate Fees Motion, ECF No. 114, is GRANTED in part and DENIED in part and Plaintiff is awarded $65,232.19 in appellate attorneys' fees.

## BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural history of this case as set forth in Magistrate Judge Kuo's report. Briefly, on November 10, 2020, Magistrate Judge Kuo issued an R&R recommending Plaintiff be awarded appellate attorneys' fees in the amount of $62,802.19. ECF No. 126, R&R. Plaintiff moved for appellate attorneys' fees in the amount of $84,210.00, and an additional $5,220.00 in attorneys' fees for drafting the reply brief

---

[1] On January 4, 2019, Plaintiff filed a motion for Reasonable Attorneys' Fees and Costs for the prosecution of his claims in the district court (the "Initial Fees Motion"). ECF No. 95. This Court granted the motion. However, on appeal, the Second Circuit "remand[ed] the issue [of attorneys' fees] to the district court to allow it to fully consider [D]efendants' opposition and to provide the grounds for its discretionary decision in connection with the fees motion." ECF No. 105 at 23. By order dated June 9, 2020, the Court referred the question of the reasonableness of the award of attorneys' fees expended in the district court to the Honorable Magistrate Judge Peggy Kuo for a report and recommendation. ECF No. 106. On September 22, 2020, Judge Kuo filed the Report and Recommendation, recommending Plaintiff be awarded attorneys' fees in the amount of $149,289.78. ECF No. 122. No objections were filed and this Court adopted the Report and Recommendation in its entirety on October 21, 2020. ECF No. 124.

1

in further support of the fee motion, for a total of $89,430.00. *Id.* at 3. After adjusting the hourly rates for some of the attorneys and paralegals who worked on the case, Magistrate Judge Kuo determined that, without any reduction in hours, Plaintiff sought $83,736.25. *Id.* at 26. Judge Kuo then recommended Plaintiff's fees request be reduced by fifteen percent to account for "vague and excessive billing," *id.* at 22, and that "Plaintiff's requested fees be reduced by a further ten percent on the basis of Plaintiff's lack of success on appeal." *Id.* at 26. Additionally, Judge Kuo recommended that five entries for work done between December 27, 2018 and January 25, 2019 be excluded from the Appellate Fees Motion because the entries "should have been included with the Initial Fees Motion." *Id.* at 17. Ultimately, Judge Kuo wrote, "[r]educing the total fee amount by fifteen percent for the insufficient and excessive billing entries and ten percent based on Plaintiff's lack of success on appeal (a total of twenty-five percent) results in a recommended reasonable fee amount of $62,802.19." *Id.* at 27.

On November 20, 2020, Plaintiff objected to the R&R arguing: (1) Magistrate Judge Kuo improperly reduced Plaintiff's overall appellate attorneys' fees entitlement by twenty-five percent; (2) Judge Kuo improperly deemed some of Plaintiff's time entries vague or excessive; and (3) Judge Kuo should have awarded Plaintiff attorneys' fees for the "pre-appeal hours" that were included in the appellate fees motion. *See generally* Pl.'s Obj., ECF No. 127. For the reasons that follow, Plaintiff's objections are OVERRULED and the R&R is ADOPTED in its entirety. Accordingly, Plaintiff's motion for appellate attorneys' fees, ECF No. 114, is GRANTED in part and DENIED in part and Plaintiff is awarded $65,232.19 in appellate attorneys' fees.

## LEGAL STANDARD

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1).  Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations.  *Id.*  A district judge "shall make a de novo determination of those portions of the report or specified findings of recommendations to which objection is made."  *Id.*  Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects."  *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted).  "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'"  *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.*, 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

## DISCUSSION

In their objection, Plaintiff argues: (1) they sustained a "resounding victory in the Second Circuit" and thus Magistrate Judge Kuo "improperly reduced Plaintiff's overall appellate attorneys' fees entitlement by twenty-five percent; (2) the time entries that led to Judge Kuo's fifteen percent reduction "were not vague nor excessive," and they were not "sufficiently extensive to support such a reduction"; and (3) Judge Kuo "should have awarded attorneys' fees for the pre-appeal hours that were included in the appellate fees motion."  Pls.' Obj. at i.  The Court has conducted a *de novo* review of the portions of the R&R that Plaintiff has objected to and concludes Plaintiff's objections are without merit.

I. **A Reduction of Fifteen Percent Was Warranted for Vague and Excessive Time Entries**

Plaintiff first objects to Magistrate Judge Kuo's recommendation that this Court reduce Plaintiff's attorneys' fees award by fifteen percent to account for vague and excessive time entries. Pl.'s Obj. at 7. Plaintiff argues both that the relevant time entries were neither vague nor excessive and, that to the extent "this Court finds otherwise, they did not comprise a substantial portion of the requested fees to warrant such a reduction." *Id.*

A court's award of attorneys' fees must be "reasonable." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289–90 (2d Cir. 2011). The prevailing approach for determining reasonableness is the "lodestar" method, in which courts multiply a reasonable hourly rate by a reasonable number of expended hours. *See id.*; *see also Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010). When considering the reasonableness of hours expended, a "district court examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). Because fee applicants bear the burden of establishing an appropriate number of hours expended, *see Hensley v. Eckhart*, 461 U.S. 424, 434 (1983), the starting point of the inquiry is counsel's contemporaneous time records, *see U.S. Bank, N.A. v. Byrd*, 854 F. Supp. 2d 278, 287 (E.D.N.Y. 2012) (Matsumoto, J.) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 756, 764 (2d Cir. 1998)). Where the documentation of hours is inadequate—*i.e.*, where the time records reflect expended hours that are excessive, redundant, duplicative, or otherwise unnecessary—the district court may adjust the number of hours expended and reduce the award accordingly. *See, e.g., Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 437). Thus, the district court has discretion "to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (internal quotation marks and citation omitted).

Plaintiff sought "$84,210 in attorneys' fees and costs" for the work performed by his counsel on the appeal. R&R at 3. These fees include 203.3 hours of work performed by four lawyers and four paralegals at Phillips & Associates and one lawyer at Bergstein & Ullrich. *Id.* Plaintiff also requests an additional $5,220.00 in attorneys' fees for drafting the Reply, which was done entirely by the lawyer at Bergstein & Ullrich. *Id.* Plaintiff does not object to Magistrate Judge Kuo's recommendation as to the hourly rates for each lawyer. Pl.'s Obj. at 2. Having reviewed the hourly rate recommendations for clear error, and having found none, the Court adopts the hourly rates recommended by Judge Kuo. The rates are as follows:

| Attorney/Paralegal | Recommended Hourly Rate |
|---|---|
| Mesidor | $450 |
| Bergstein | $450 |
| Stevens | $250 |
| Housos | $150 |
| Chan | $150 |
| Hernandez | $80 |
| Guranda | $70 |
| Isaac | $70 |
| Nandlal | $70 |

R&R at 5-11.

In addition to evaluating the reasonableness of the hourly rate sought, the Court must also consider whether the "number of hours for which compensation is sought is reasonable." *Monge v. Glen Cove Mansion Hosp., LLC*, 18-CV-7229, 2020 WL 1666460, at *7 (E.D.N.Y. Apr. 2, 2020) (Feuerstein, J.) (quotation and citation omitted). This Court has conducted a *de novo* review of Plaintiff's motion for appellate attorneys' fees and all of the time records submitted in support of the motion. The Court agrees with the characterization of factors that led to Magistrate Judge Kuo's recommendation to reduce Plaintiff's requested fees:

> (1) Bergstein block billed a limited portion of his time; and (2) many of the billing entries were too vague to permit review. Of the time that could be reviewed, many of the time entries were unreasonable because: (1) attorneys, including partner and associates, performed tsks that should have been performed by paralegals; (2) partners performed tasks that should have been performed by less

5

experienced attorneys; and (3) the time spent by Bergstein and Mesidor preparing for the oral argument was excessive.

R&R at 22. Further, this Court agrees with Judge Kuo that given the length of the motion and the number of time entries submitted in support of it, an "across-the-board percentage cut[ ] in hours[is] a practical means of trimming fat from [Plaintiff's] fee application." *Id.* (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226,237 (2d Cir. 1987) (quotation and citation omitted)). Accordingly, this Court adopts Magistrate Judge Kuo's recommendation that Plaintiff's requested fees be reduced by fifteen percent to account for the vague and excessive billing. *See Crews v. Cty. of Nassau*, 06-CV-2610, 2019 WL 6894469, at *11–12 (E.D.N.Y. Dec. 18, 2019) (Bianco, J.) ("conclud[ing in a civil rights case] that a 20% percent [sic] across-the-board reduction to [counsel's] hours is warranted" because of excessive, redundant, and vague hours); *S.M. v. Evans-Brant Cent. Sch. Dist.*, 09-CV686S, 09-CV-922S, 2013 WL 3947105, at *11 (W.D.N.Y. July 31, 2013) (Skretny, C.J.) (finding that "an across-the board reduction of 20% is appropriate for all hours billed" "[t]o correct for [ ] deficiencies," including duplicative and excessive billing); *Cent. N.Y. Laborers' Health & Welfare, Pensions, Annuity & Training Funds*, 04-CV-509, 2011 WL 167236, at *3 (N.D.N.Y. Jan. 19, 2011) (Suddaby, J.) (reducing the fees requested by "twenty percent . . . to account for the excessive and/or vague time entries"); *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, 09-CV-3600, 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005) (Kram, J.) (finding that reducing the requested fees by twenty five percent "better reflect[ed] the hours reasonably expended on th[e] matter" because of "instances of block billing, vagueness, and excess" in the billing); *see also Ritchie v. Gano*, 756 F. Supp. 2d 581, 584 (S.D.N.Y. 2010) (Marrero, J.) (reducing the fees requested "by forty percent" because "the vagueness of many of the entries" prevented the court from determining whether the work the attorney performed was "wrong[ ] or excessive[ ]" (footnotes omitted)).

## II. A Further Reduction of Ten Percent Was Warranted Based on Plaintiff's Lack of Success on Appeal

Plaintiff also objects to Magistrate Judge Kuo's recommendation that this Court further reduce the attorneys' fees award by ten percent to account for Plaintiff's lack of success on appeal. Pl.'s Obj. at 2. Plaintiff argues Judge Kuo, "placed too much emphasis on the appellate arguments advanced by Plaintiff that did not succeed in the Second Circuit," arguing Plaintiff sustained a "resounding victory" despite losing on some issues. *Id.* at 2,4. In support of this contention, Plaintiff points to the fact that Plaintiff's counsel spent only 2.10 hours on the losing § 1981 claim and .75 hours on the losing attorneys' fees issue, which were only a "fraction of the nearly 100 hours" spent on the appeal in total. *Id.* at 5. However, these arguments ignore that the fact that the Second Circuit's decision resulted in an eighty-eight percent reduction in the damages award. *Id.*

"Once civil rights litigation materially alters the legal relationship between the parties, 'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award . . . ." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989)). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.* (quoting Hensley, 461 U.S. at 436). The Second Circuit has "clearly adopted the view . . . that a district judge's authority to reduce the fee awarded to a prevailing plaintiff below the lodestar by reason of the plaintiffs 'partial or limited success' is not restricted either to cases of multiple discrete theories or to cases in which the plaintiff won only a nominal or technical victory." *Kassim v. City of Schenectady,* 415 F.3d 246, 256 (2d Cir.2005). Where a plaintiff's lawsuit was based on a common nucleus of facts, the Second Circuit has "affirmed district court reductions of a lodestar fee by reason of the plaintiffs limited degree of success." *Id.* at 255 (discussing *Green v. Torres,*

361 F.3d 96 (2d Cir.2004); *Abrahamson v. Bd. of Educ.,* 374 F.3d 66 (2d Cir.2004)). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley,* 461 U.S. at 436–37; *see also Dancy v. McGinley*, 141 F. Supp. 3d 231, 239 (S.D.N.Y. 2015) (Smith, Mag.).

Plaintiff was the prevailing party overall before the Second Circuit. However, Defendants did succeed on certain of the grounds on which they appealed. The Second Circuit found that the district court erred in not dismissing Plaintiff's § 1981 claims. ECF No. 105 at 3–5. The Second Circuit also rejected Plaintiff's contention that his emotional distress damages fell into the "egregious" category, finding "the jury's $2,160,000 award for emotional distress damages far surpasse[d] the upper limit of the reasonable range and shocks the judicial conscience." *Id.* Accordingly, the Second Circuit "grant[ed] a new trial as to [Plaintiff's] emotional distress damages unless he accept[ed] a remittitur of the award to $250,000." *Id.* at 18 (quotation, citation, and alteration omitted). Finally, the Second Circuit also "remand[ed] the issue [of the Initial Fees Motion] to the district court to allow it to fully consider [D]efendants' opposition and to provide the grounds for its discretionary decision in connection with the fees motion." *Id.* at 23. Thus, the Court agrees with Judge Kuo's determination that, "Plaintiff was unsuccessful on meaningful portions of the appeal despite Plaintiff's attempts to minimize those losses." R&R at 25.

In light of these significant losses on appeal, Magistrate Judge Kuo recommended a further reduction in attorneys' fees of ten percent. *Id.* at 26. After conducting a *de novo* review of the record, this Court adopts Magistrate Judge Kuo's recommendation. A further ten percent reduction in attorneys' fees adequately accounts for Plaintiff's limited success on appeal while still recognizing that Plaintiff's efforts to uphold the verdict. *See Crews*, 2019 WL 6894469, at *11 (finding, in a civil rights case, a further "across-the-board 10% reduction in the number of

8

hours [ ] appropriate because of the additional legal work performed litigating the unsuccessful claims"); *Skyline Steel, LLC v. Pilepro, LLC*, 13-CV-8171, 2015 WL 3739276, at *7 (S.D.N.Y. June 15, 2015) (Furman, J.) (holding that "a 25 percent reduction is appropriate" when, inter alia, the plaintiff did not prevail on all of the issues and "some of the billing entries reflect time spent on both compensable and non-compensable tasks"); *DeMarco v. Ben Krupisnki Gen. Contractor, Inc.*, 12- CV-573, 2014 WL 3696020, at *10 (E.D.N.Y. July 22, 2014) (Feuerstein, J.) ("reduc[ing] across-the-board by thirty percent" counsel's hours because of excessive billing entries and work on an unsuccessful claim and motion).

### III. Plaintiff's Non-Appeal Related Time Entries

Finally, Plaintiff objects to Judge Kuo's recommendation that this Court exclude from the fee application five entries for work performed between December 27, 2018 and January 25, 2019. Pl.'s Obj. at 15. The five entries included 7.2 hours of work performed (1) on Plaintiff's Initial Fees Motion and (2) reviewing Defendants' motion for reconsideration, ECF No. 101.

**Mesidor, Marjorie**

| Date | Client | Note | Hours | Time |
|---|---|---|---|---|
| 12/27/2018 | Sooroojballie, Neil | Review of affidavits of other cases for attorneys fee motion. | 0.50 | 10:06 AM |
| 12/28/2018 | Sooroojballie, Neil | Research on attorneys fees motion and prevailing rate in EDNY. | 3.20 | 3:06 PM |
| 01/04/2019 | Sooroojballie, Neil | Review and revise attorney declaration and attorneys fees brief. | 1.50 | 12:43 PM |
| 01/04/2019 | Sooroojballie, Neil | read and responded to CC email w/ revisions to attorneys fees motion. | 0.10 | 12:43 PM |
| 01/25/2019 | Sooroojballie, Neil | review of Defendants' motion for reconsideration. | 1.90 | 12:25 PM |

ECF No. 117-2, Time Log, Phillips & Associates. In recommending this Court exclude the entries, Magistrate Judge Kuo wrote:

> The first four entries pertain to the Initial Fees Motion which was filed on January 4, 2019. The fifth entry appears to refer to review of Defendant's motion (filed on January 24, 2019) to reconsider the Court's January 17, 2019 order awarding Plaintiff the fees he sought. Because these entries do not relate to the appeal, the

9

> undersigned respectfully recommends that these five entries be excluded from the Appellate Fees Motion.

R&R at 17. Plaintiff argues Magistrate Judge Kuo's exclusion of these time entries from their motion for appellant attorneys' fees was in error. Pl.'s Obj. at 12–13. This Court has conducted a *de novo* review of the record and concludes Plaintiff's objection is without merit. While it may be the case that had Plaintiff characterized this motion as one for "supplemental" attorneys' fees rather than one for "appellate" attorneys' fees the entries would have been correctly included in the motion, that is not how Plaintiff's motion was characterized. Because these time entries do not relate to work done on the appeal, this Court agrees with Magistrate Judge Kuo's thoughtful recommendation to exclude these time entries from Plaintiff's motion for appellate fees. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Const., LLC*, 113 F. Supp. 3d 601, 610 (N.D.N.Y. 2015) (Hurd, J.) (denying plaintiffs request for fees because the relevant fees had already been incurred at the time of their initial motion, noting "those fees were not included in plaintiff's first award and there is no reason to do so now."). Accordingly, Plaintiff's objection is overruled.

## **CONCLUSION**

Upon a careful review of Magistrate Judge Kuo's R&R, ECF No. 126, and the objection filed thereto, ECF No. 127, the Court ADOPTS the R&R in its entirety. Accordingly, Plaintiff's motion for appellate attorneys' fees, ECF No. 114, is GRANTED in part and DENIED in part and Plaintiff is awarded $62,802.19 in appellate attorneys' fees. The Clerk of Court is respectfully directed to close the motions pending at ECF Nos. 114, 126.

**SO ORDERED.**

s/ WFK
_____

Dated: May 7, 2021
      Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE